In re Sheldon L. TURRILL, Debtor.

Larry E. STAATS, Trustee for The Estate of Sheldon L. Turrill, Plaintiff.

v.

GASEARCH, INC., et al., Defendants.

Bankruptcy No. 2–85–00223.
Adv. No. 2–87–0015.

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 24, 1988.

David W. Hardymon, Columbus, Ohio, for plaintiff.

David Detec, Letson, Griffith, Woodall & Lavelle, Warren, Ohio, and Larry J. McClatchey, Emens, Hurd, Kegler & Ritter, Columbus, Ohio, for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

Gasearch, Inc., Steven R. Vrable and Robert J. Schuster, (collectively "Defendants"), jointly filed a motion seeking summary judgment in this adversary proceeding. Plaintiff Larry E. Staats, trustee for the bankruptcy estate of Sheldon L. Turrill ("Trustee"), opposed that motion. For reasons stated below, the Court finds that Defendants' motion should be denied.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This matter is either a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (O) or is a non-core proceeding in which the parties have consented to judgment by the Bankruptcy Judge.

The Trustee seeks a judgment declaring the rights of the bankruptcy estate in certain shares of stock in Gasearch, Inc. and an accounting of proceeds from the sale of Gasearch, Inc.'s assets. The Trustee further asserts causes of action for conversion and unjust enrichment against Vrabel and Schuster.

■ Rule 56 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding by Bankruptcy Rule 7056, provides that judgment shall be granted on a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Lenz v. Erdmann Corp.*, 773 F.2d 62, 63 (6th Cir. 1985). The purpose for permitting disposition of certain actions on the basis of summary judgment is to eliminate the need for an evidentiary trial if it is clear from documents and affidavits before the Court that the only issues for decision are the legal effects of uncontested facts.

■ The Court's review of the pleadings in this action, including the Defendants' motion and the Trustee's memorandum in opposition, along with transcripts of associated depositions, indicate that this is not an appropriate action for disposition by summary judgment. The issues involve determinations of the appropriateness and validity of certain alleged corporate acts affecting the share interests of Sheldon Turrill in Gasearch, Inc., including the nature and extent of consideration given for the shares. Those determinations require examination of the receipt and content of certain notices to various parties and understandings among the parties. There are factual disputes relating to those notices and understandings, and credibility of the witnesses appears to be a significant factor.

The Defendants have also pled a defense of laches. Establishment of that defense may depend upon facts relating to the content of communications, many of which are disputed.

In addition, the Defendants assert that a statute of limitations bars action by the Trustee for recognition of any shareholder interest of the bankruptcy estate in Gasearch, Inc. in excess of 4%. The applicability of the statute of limitations relied

upon by the Defendants, however, turns on the validity of certain options to acquire stock which the Trustee argues were granted and exercised, if at all, in violation of Turrill's pre-emptive rights. Contested facts underlie resolution of that issue, and it would be inappropriate to decide that matter on the basis of the documents presently before the Court without opportunity to evaluate the credibility of witnesses or to consider testimony resulting from the use of cross-examination in a trial setting.

In conclusion, the Court finds that this action is not ripe for resolution on the merits at this stage on a motion for summary judgment. Accordingly, the Defendants' motion for summary judgment should be, and the same is, hereby DENIED. This adversary shall proceed to trial as previously set for July 13, 1988 at 9:30 a.m.

IT IS SO ORDERED.