**In re Walter T. HANSEN, and Juanita L. Hansen, Debtors.**

**Bankruptcy No. B88–4436.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 7, 1990.

Michael D. Zaverton, Cleveland, Ohio, for trustee.

Anthony J. Russo, Cleveland, Ohio, for debtors.

Shawn N. Nau, Asst. Atty. Gen., Columbus, Ohio.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the motion of the case trustee seeking a turnover of certain funds held in a deferred compensation plan. The following constitutes the Court's findings and conclusions.

Following the Debtor's filing of a voluntary petition for relief under Chapter 7, the case trustee discovered wages of not less than $4,000.00 (The Funds) were deferred by the Debtor under the Ohio Public Employees Deferred Compensation Program (The Plan) prior to the bankruptcy filing. The Court having previously found that the subject funds were not exempt (*See* Order of March 15, 1989), the present motion was filed by the trustee to effect a remittance of the amounts voluntarily contributed by the Debtor to The Plan. Although no objection was filed by the Debtor, the State of Ohio, through its Attorney General, has objected to the turnover of funds. For the reasons set forth herein, the subject funds are determined to be property of the Debtor's estate pursuant to 11 U.S.C. § 541, and the turnover of same is hereby ordered.

### I.

The undisputed facts reveal that The Funds on deposit in The Plan were voluntarily contributed by the Debtor. The Plan was established in accordance with §§ 145.-71 through 145.74 of the Ohio Revised Code to serve as a program of deferred compensation which permits state government employees to defer receipt of a portion of their compensation to achieve certain tax benefits. The Plan was promulgated by the Ohio legislature pursuant to congressional authority set forth in 26 U.S.C. § 457, which authorized the several states to create deferred compensation programs for eligible employees. The Ohio Plan, entitled "Ohio Public Employees Deferred Compensation Program", allows eligible government employees to participate upon their execution of a Participation Agreement. By so doing, the eligible employee consents to the terms of The Plan (State's Brief, Ex. 1, p. 2). The Plan becomes effective with a participating employee once he becomes an active participant by executing the Participation Agreement and not terminating the deferral of compensation. It is uncontested that the Debtor has made no withdrawals from the funds since they were deposited.

The issues for the Court's determination are (1) whether the funds on deposit in The Plan constitute property of the Debtor's estate; (2) If estate property, are the funds recoverable by the trustee. In seeking the turnover of funds, the trustee contends that the funds voluntarily contributed by the Debtor are estate funds and are not excludible pursuant to any provision of the Bankruptcy Code. He further contends that The Plan, as constituted, is not a trust, but if it is determined to be a trust, it is not a valid spendthrift trust under Ohio law. In support of The Plan's validity and its proposition that the subject funds are not estate assets, the State of Ohio relies on the provisions of 26 U.S.C. § 457(b)(6) to assert that the Debtor does not hold any interest in the funds.

Section 541 of the Bankruptcy Code defines the parameters of estate property. Therein, the Debtor's estate is comprised, *inter alia*, of all legal or equitable interests of the Debtor in property as of the commencement of the case. *See*, 11 U.S.C. § 541(a). It also includes any interest in property which the estate acquires after the commencement of the case. See, 11 U.S.C. § 541(a)(2) and (a)(7). Once property is determined to be estate property, it may be ordered turned over to the estate pursuant to § 542 of the Bankruptcy Code.

In reaching a resolution of this matter, an examination of The Plan is warranted to determine whether the deferred compensa-

tion is an asset of the Debtor's estate. In other words, the Court must determine whether the Debtor has an interest in the deferred funds. Several observations support a finding of estate property. A good starting point is with the name of The Plan, "Ohio Public Employees Deferred Compensation Program." It is implicit from the wording of the title that a participant, such as the Debtor, has an interest in The Plan, as he is an eligible government employee. It is uncontested that the Debtor is an active, eligible participant in The Plan who has in excess of $3,500.00 credited to his Plan account as deferred compensation. As a depositor in a deferred compensation program, one can readily surmise that the Debtor or any such depositor has an expectancy of a return of investment at some future date as a result of the very purpose of this type of program. Even § 1.01 of The Plan expressly indicates that the account maintained by the employer reflects the "interest" of a participant under The Plan. Section 1.09 of The Plan addresses an emergency withdrawal as defined under Plan § 4.04 which refers to emergency withdrawals being allowed upon the occurrence of an "unforeseeable emergency." Remarkably, that same section allows a distribution from the "participant's" account which further evidences an interest of the Debtor in the deposited funds. Further, § 1.12 of The Plan, addressing "Includible Compensation," makes clear reference to the fact that the account funds refer to "the amount of an eligible employee's compensation from the employer for the taxable year. Moreover, § 3.04 of the Plan recognizes the Debtor's interest or relationship to the deferred assets held by the State by characterizing the participant as a "general creditor" of the employer. Thusly, the aggregate of the above-referenced Plan sections clearly indicate that an active Plan participant such as the Debtor has a specific interest in the funds credited to his account.

Upon closer scrutiny, not only does an active Plan participant such as the Debtor possess an interest in the deferred compensation, the fund is accessible to the Debtor. Generally, where a plan's funds are accessible to a debtor, the debtor's estate is accorded no lesser access. See, *In re Lally*, 51 B.R. 204, 205 (N.D.Iowa 1985). In the present Plan, credited deferred compensation may be distributed from The Plan, (1) upon an approved emergency withdrawal (§ 1.24); (2) separation from employment (§ 4.01); (3) attaining the age of 70½ years (§ 4.01); or (4) upon a *de minimus* withdrawal (§ 4.05); 26 U.S.C. § 457(e)(9). These withdrawal features are available in The Plan notwithstanding the fact that the present Debtor has not reached 70½ years, is currently employed, and has not disturbed the corpus of his Plan account.

The State of Ohio relied upon 26 U.S.C. § 457 to support its position that the Debtor had no interest in the deferred funds. Title 26 U.S.C. § 457 does not diminish or avoid the Debtor's interest in the deferred Plan funds. As averred by the State, the Ohio Plan was promulgated pursuant to authority of § 457 of the Internal Revenue Code. In relevant part, § 457(b)(6) provides:

> § 457(b) Eligible State Deferred Compensation Plan Defined.—
>
> For purposes of this section, the term "eligible state deferred compensation plan" means a plan established and maintained by a State—
>
> (6) which provides that—
>
> (A) all amounts of compensation deferred under the plan,
>
> (B) all property and rights purchased with such amounts and
>
> (C) all income contributable to such amounts, property, or rights,
>
> shall remain (until made available to the participant or other beneficiary) solely the property and rights of the State (without being restricted to the provision of benefits under the plan) subject only to the claims of the State's general creditors. 26 U.S.C. § 457(b)(6)(A), (B), (C).

The above-quoted language extracted from § 457(b) of Title 26, United States Code, clearly provides that the active plan participant has, at a minimum, an inchoate interest in the deferred funds, but an inter-

est nevertheless. Additionally, provisions of 26 U.S.C. § 457(b)(6)(C) and the Ohio Plan § 3.04 characterize plan participants as "general creditors", further evidencing an interest of the Debtor in the deferred funds. Therefore, pursuant to the provisions of § 541(a) of the Bankruptcy Code, the Debtor's deferred income in The Plan constitutes estate property pursuant to 11 U.S.C. § 541(a)(1).

## II.

Once property has been determined by the Court as being estate property, the Court then must determine whether any provision of the Bankruptcy Code excludes that property from recovery by the Trustee.

Section 541(c)(2) of the Bankruptcy Code [11 U.S.C. § 541(c)(2)] provides:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Section 541(c)(2), as noted above, provides an exclusion from estate property where the debtor's beneficial interest in a trust is enforceable under applicable nonbankruptcy law. The phrase "applicable nonbankruptcy law," however, has been interpreted narrowly as a reference to state spendthrift trust law which is not applicable to the present matter. See, *Kaplan v. Primerit Bank*, 97 B.R. 572 (9th Cir. BAP 1989); *Daniel v. Security Pacific National Bank*, 771 F.2d 1352 (9th Cir.1985); *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *Lichstrahl v. Bankers Trust*, 750 F.2d 1488 (11th Cir.1985); *In re Graham*, 726 F.2d 1268 (8th Cir.1984). Herein, it is undisputed that the Plan is not a trust. In fact, § 3.04 of the Plan provides that "No trust fund, bailment, or other fiduciary relationship or property right shall be created by the existence of the Plan." Interestingly, it is the State of Ohio, not the Debtor, which asserts that the deferred funds are not property of the

estate. Although the State makes no reference to § 541(c)(2) in support of its argument, § 541(c)(2) is the only provision which allows an exclusion of estate property under § 541 of the Bankruptcy Code. For this reason, the excludability of the subject funds will only be considered in view of § 541(c)(2).

An examination of the legislative history of § 541(c)(2) reveals that it is derived from § 4–601(b) of a report commissioned by the U.S. Congress.[1] In its deliberations on the Commission's Report, the Congress ultimately adopted a Commission proposal which provided that the definition of property not be tied to an assignability-leviability standard. See, *Graham, supra.* Moreover, the language of § 4–601(b), while not defining a trust, specifically addressed itself to spendthrift and support trusts:

> Under § 4–601 a beneficial interest in a support or spendthrift trust is made available to creditors, except to the extent income or principal is carved out as necessary to support the debtor. This equates the treatment of beneficial interests which the debtor did not create and could not transfer, voluntarily or involuntarily, with related exemptions, e.g., pensions. [Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc. No. 9–137, 93rd Cong. 1st Sess., § 4–601(b), pt. II, at 147–48 (1973).]

The apparent focus of the Commission's report in this regard was to develop a proposal which would be beneficial to the beneficiaries of a spendthrift or support trust—not to benefit a settlor or some other third party involved with the administration of one of these types of trusts. For example, § 4–503(c)(6) of the Commission's proposal allowed the debtor to claim an exemption of his pension or other support fund. In relevant part, § 4–503(c)(6) allowed an exemption:

> (6) before or after retirement, such rights as the debtor may have under a profit sharing, pension, stock bonus, annuity, or similar plan which is

---

**1.** Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc. No. 137, 93rd Cong. 1st Sess. (1973). *See also*, Dunham, D., "Pensions And Other Funds In Individual Bankruptcy Cases." Bankr.Dev.Jnl., Vol. 4 (1987).

established for the primary purpose of providing benefits upon retirement by reason of age, health, or length of service, and which is either (A) qualified under section 401(a) of the Internal Revenue Code, or any successor thereto, or (B) established by federal or state statute, to the extent in either case the debtor's interest therein is reasonably necessary for the support of the debtor and his dependents ... [*Id.*, pt. I, at 125 (1973)].

This language of § 4–503 was the apparent precursor for the present federal exemption provided under § 522(d)(10)(E) of the Bankruptcy Code. The State of Ohio, one of a majority of states electing to opt-out of the federal bankruptcy exemption scheme, similarly allows an exemption for pensions and other support-type funds. See § 2329.66, Ohio Revised Code. A review of the Debtor's case indicates that it has previously been determined that the funds are not reasonably necessary for the support of the debtors. Pension benefits are specifically treated under the Code's exemption provision. *Graham, supra,* at 1272; *Goff v. Taylor (In re Goff),* 706 F.2d 574 (5th Cir.1983).

This legislative history of § 541(c)(2) supported the Eighth Circuit's recent ruling on this issue which found that "541(c)(2) was intended to exclude a debtor's beneficial interest in a 'traditional' spendthrift trust, not a statutory retirement fund." *See, In re Swanson,* 873 F.2d 1121, 1123 (8th Cir. 1989). This Court adopts that view. The subject Plan is, in fact, not a spendthrift trust which would be excludible from the estate under § 541(c)(2). It merely is a qualified deferred compensation program which was not intended to provide for the maintenance and support of its beneficiaries. As argued by the State, its purpose is to provide certain tax benefits to the Plan participant. Further disqualifying the Plan as a spendthrift trust is the fact that the contributions to the fund, at least in part, were made by the Debtor who also is the Plan beneficiary. A self-settled trust is, generally, not a valid spendthrift trust. *Id.*, at 1124; *In re Leimbach,* 99 B.R. 796

(Bankr.S.D.Ohio 1989); *In re McCombe,* 93 B.R. 597 (Bankr.S.D.Ohio 1988).

### Conclusion

Accordingly, the deferred funds, to the extent contributed by the Debtor plus interest accrued thereon, are estate property pursuant to § 541(a)(1) of the Bankruptcy Code. There existing no available exclusion of same under § 541(c)(2), and no exemption being available, said funds are hereby ordered to be turned over to the trustee no later than twenty (20) days from the entry of this order.

IT IS SO ORDERED.