**In the Matter of Polly PETREY, Debtor.**

**Roger E. LURING, Trustee, Plaintiff,**

**v.**

**ADMINISTRATOR, OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM and Polly S. Petrey, Defendants.**

**Bankruptcy No. 3–89–02227.**
**Adv. No. 3–89–0313.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 27, 1990.

Shawn N. Nau, Atty. General's Office, Columbus, Ohio, for defendants.

Roger Luring, Troy, Ohio Trustee.

Miller, Schlemmer & Luring, Troy, Ohio.

## DECISION ON ORDER DENYING MOTION TO DISMISS AND GRANTING SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursu-

ant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, (E)—orders to turn over property of the estate and (O)—other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. This proceeding is before the court on the defendant's Motion To Dismiss the Chapter 7 Trustee's complaint seeking a turnover of the funds in the debtor's account with the Ohio Public Employees Deferred Compensation Program (Ohio Program).

The debtor, Polly S. Petrey, filed a petition under Chapter 7. The debtor listed in her Schedule B–2—Personal Property an interest in a Deferred Compensation Plan in the amount of two thousand, five hundred dollars ($2,500.00). The Trustee commenced this adversary proceeding seeking, pursuant to 11 U.S.C. § 541 and § 542, a turnover of the two thousand, five hundred dollars ($2,500.00) from the defendants, the debtor and the Administrator of the Ohio Program. The following filings focus the issues in this proceeding: Motion To Dismiss of Defendant, Ohio Public Employees Deferred Compensation Program (Doc. 10) and Exhibits (Doc. 18), and the Trustee's Memorandum In Opposition To Motion To Dismiss (Doc. 17).

The Ohio Program argues that the subject funds do not constitute property of the debtor's bankruptcy estate, but rather, pursuant to federal and state statutes, constitute property of the debtor's employer; and, as a result, neither the debtor, nor the trustee has any legal or equitable interest in the funds. The trustee argues that the sweeping reach of 11 U.S.C. § 541(a) includes the funds in the Ohio Program as property of the debtor's bankruptcy estate.

The Ohio Program premises its motion to dismiss on Fed.R.Civ.P. 12 made applicable to this proceeding by Bankrutcy Rule

7012, specifically (b)(1)—lack of jurisdiction over the subject matter and (b)(6)—failure to state a claim upon which relief can be granted. The Ohio Program's Motion To Dismiss (Doc. 10, pg. 3) argues that, based on the pleadings in this proceeding ("even presuming the truth of the trustee's factual allegations for purposes of this motion, this court should not order the turnover of any amount held by the Ohio Program"), it is entitled to judgment in its favor. The trustee's complaint alleges that the Ohio Program has possession and control over funds that are property of the debtor's estate (Doc. 1, para. 4–5).

This court has jurisdiction to determine, as a core proceeding, the debtor's interest in the funds in question and to determine whether that interest is includable in the bankruptcy estate. *See,* 11 U.S.C. § 541, 28 U.S.C. 157(b)(2)(E), *Matter of Hughes–Bechtol, Inc.,* 107 B.R. 552, 554–557 (Bankr.S.D.Ohio, 1989), *Matter of Young,* 93 B.R. 590, 592–593 (Bankr.S.D. Ohio 1988), *Matter of Commercial Heat Treating of Dayton, Inc.,* 80 B.R. 880, 887–890 (Bankr.S.D.Ohio, 1987). Thus, the complaint withstands the Ohio Program's Rule 12(b)(1) and (b)(6) motion. Additionally, Rule 7012(b) permits the court to treat the Ohio Program's Motion To Dismiss as a summary judgment motion.[1] An examination of the record in this case indicates that the facts are uncomplicated and uncontroverted. Each party has urged the court to determine these issues as matters of law. There is no genuine issue as to any material fact that would preclude disposition by summary judgment. *See generally, Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The defendant Ohio Program, has submitted a brief and exhibits in support of its motion

---

1. Bankr.R. 7012(b) provides,
   Rule 12(b)–(h) F R Civ P applies in adversary proceedings. . . ."
   Fed.R.Civ.P. 12(c) Motion for Judgment on the Pleadings states,
   After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on

motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

to dismiss and the plaintiff has also submitted a memorandum in support of his position. Neither party has requested additional time for discovery, nor asserted that either party requires any further opportunity to present matters pertinent to a disposition pursuant to Bankr.R. 7056. Accordingly, since the parties have presented matters outside of the pleadings, which have not been excluded by the court, and the parties have been provided reasonable opportunity to conduct discovery and present all other pertinent material, the court will, pursuant to the summary judgment rule, determine the issues presented. *See, Matter of Sams,* 106 B.R. 485, 488–489 (Bankr.S.D.Ohio 1989), *Matter of Lorandos,* 58 B.R. 519, 520 (Bankr.S.D.Ohio 1986).

■ 11 U.S.C. § 541 provides, with limited exceptions, that upon the filing of a bankruptcy petition an estate is created comprised of all the debtor's legal and equitable property interests, regardless of where that property is located or by whom it is held. However, state law defines the nature and extent of the debtor's interest in property. *In re White,* 851 F.2d 170, 173 (6th Cir.1988). Thus, the court must consult state law to determine the debtor's interests under the Ohio Program.

■ The Ohio Public Employees Deferred Compensation Program was established pursuant to Ohio Revised Code §§ 145.71–72. The deferred funds are not subject to state taxation and the Ohio Program was structured to comply with 26 U.S.C. § 457 which exempts qualifying deferred compensation programs from federal taxation until participants actually receive distribution under the program. Pursuant to the specific terms of the Ohio Program a participant can obtain deferred funds 1) when she attains the age of 70½; 2) is separated from service with the employer; or 3) when faced with an unforeseeable emergency (Doc. 18, Ex. I, Art. III). The Ohio Program provides that, until actual distribution to the participant upon occurrence of one of the conditions stated above, all deferred compensation remains the property of the employer (Doc.

18, Ex. I, Section 3.04). The anti-alienation provision states that creditors cannot reach any interest that a participant may have in the Program and specifically provides that "[t]he right to exercise any power of a Participant or Beneficiary shall be personal and shall not be exercisable by any guardian, trustee in bankruptcy, court of law, or other person or entity seeking to act in the name or by the rights of the participant or Beneficiary." (Doc. 18, Ex. I, Section 8.05). Ohio Rev.Code § 145.73(D) indicates that the Program is intended to supplement the retirement benefit program provided for state employees.

Ohio caselaw authority interpreting provisions of the Ohio Program is sparse. The court is cognizant of defendant-Ohio Program's Exhibit II, an unreported decision from the Common Pleas Court of Franklin County, *Kirka v. Ohio Public Employee,* but does not find the decision helpful since it addresses an early withdrawal request by a nonbankrupt plan participant who claimed the Ohio Program failed to provide adequate information concerning a plan participant's termination rights under the Ohio Program. That is not the issue presented in this proceeding, nor did the state court have any need or opportunity to consider Federal bankruptcy principles as a part of its decision.

The assertion of the defendant that the Ohio Program does not vest the debtor with any interest, equitable or legal, is simply inconsistent with the terms of the Ohio Program. Although a plan participant may not be able, upon mere demand, to obtain the deferred funds, or may not have actual possession or control over the deferred funds, a plan participant certainly has an identifiable interest in the deferred funds. (Doc. 18: Article I., Sections 1.01, 1.03, 1.05, 1.13, 1.15; Article II., Sections 2.01, 2.03; Article III., Sections 3.01, 3.02, 3.04; Article IV., 4.01–4.07; Article V., Sections 5.01–5.02; Article VI., Sections 6.01; Article VII., Sections 7.01, 7.02, 7.05, 7.07; Article VIII., Section 8.05, 8.09).

This court in *Gilbert v. Osburn (In re Osburn),* 56 B.R. 867 (Bankr.S.D.Ohio 1986), had occasion to examine a substan-

tially similar Ohio Program, particularly with regard to any property interest it may have created in the participant. The court determined in that proceeding that the debtor did have an interest in the funds held by the Ohio Program:

> Although legal title may be presently held in the name of the defendant—Ohio Program, the funds so held came from the earnings of the defendant-debtor as a state employee and under her contract with her employer will ultimately be returned to her or to her designated beneficiary.... Thus we find that the debtor does have an interest in these funds which constitute property of the estate, an interest which the state cannot defeat by contract. *Osburn,* at 872

*Accord, In re Leadbetter,* 111 B.R. 640, 642 (Bankr.N.D.Ohio 1990); *In re Hansen,* 111 B.R. 647, 650 (Bankr.N.D.Ohio 1990). Similarly, the court finds in this proceeding that the Ohio Program does create an interest in the deferred compensation fund in favor of the debtor and, pursuant to § 541(a), that interest of the debtor is includable in the bankruptcy estate.

▪ Simply finding the funds to be property of the estate does not end the required analysis since the more precise issue is whether the funds are property of the estate available for the payment of claims in the estate. The court recognizes that § 541(c), which excludes spendthrift trusts from property of the estate, does provide that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." Court decisions have consistently narrowly construed the phrase "applicable nonbankruptcy law" contained in § 541(c)(2), applying it only to traditional state spendthrift trusts. *Matter of Goff,* 706 F.2d 574, 582 (5th Cir.1983); *Accord, In re Daniel,* 771 F.2d 1352, 1360 (9th Cir.1985); *In re Lichstrahl,* 750 F.2d 1488, 1490 (11th Cir.1985); *In re Graham,* 726 F.2d 1268, 1271 (8th Cir.1984). If, upon examining the subject program in light of

the Ohio spendthrift trust law, the court determines that the Ohio Program constitutes a valid spendthrift trust, the funds would not be available for the payment of claims in the estate. *Morrison v. Roulston (In re Smith),* 103 B.R. 882, 884 (Bankr.N.D.Ohio 1989); *In re Gribben,* 84 B.R. 494, 496 (S.D.Ohio 1988); *Osburn* at 873.

▪ A spendthrift trust has been defined as "[a] trust in which by the terms of the trust or by statute a valid restraint on the voluntary and involuntary transfer of the interest of the beneficiary is imposed." *Central Nat. Bank of Cleveland v. Eells,* 5 Ohio Misc. 187, 215 N.E.2d 77, 79 (Probate Ct.1965) *quoting,* the Restatement of Trusts 2d, Section 152(2) (1959). The Ohio Supreme Court noted in *Sherrow v. Brookover,* 174 Ohio St. 310, 189 N.E.2d 90, 92 (1963) that the "validity of spendthrift trusts is an open question in Ohio." *See generally, In re Elmore,* 108 B.R. 612 (Bankr.N.D.Ohio 1989). The court further expressed great reluctance to recognize the validity of spendthrift trust in the absence of a specific legislative directive. The syllabus [2] in *Sherrow* reads:

1. Creditors have a right to collect their judgments not only from the property that their debtor had at the time when they extended credit to him but also from any property which he may have, even if acquired thereafter.

2. As to property or rights that are subject to execution, any claim by an individual or owner thereof for exemption of part or all of such property or rights from claims of his creditors must be based upon constitutional or statutory provisions for such exemption.

3. Legislative authority is necessary to give effect to the intention of the settlor of a trust that creditors of a beneficiary thereof should not reach continuing and enforceable rights of a beneficiary thereunder.

4. The provisions of a trust agreement cannot prevent the continuing and enforceable rights of a beneficiary to ob-

---

**2.** Under Ohio law, the syllabus of the Ohio Supreme Court establishes the law of the case.

*See generally,* 23 O.Jur.3rd *Courts and Judges* § 533 (1987).

tain some direct tangible benefit thereunder from being applied toward satisfaction of a judgment against such beneficiary.

In the text of the decision, the Ohio Supreme Court declared,

It is elementary that, as to property or rights that are subject to execution, any claim by an individual owner thereof for exemption of part or all of such property or rights from claims of his creditors must be based upon constitutional or statutory provisions providing for such exemption. It would seem to follow that legislative authority would be necessary to give effect to the intention of the settlor of a trust that creditors of a beneficiary thereof should not reach the enforceable rights of such beneficiary.

. . . .

In our opinion, an owner of property should not, without legislative authority, be permitted, by setting up a spendthrift trust, to exempt either such property or the income therefrom from the claims of the creditors of a beneficiary who is entitled under such trust to such property or the income therefrom.

*Sherrow*, 174 Ohio St. at 315–316; 189 N.E.2d at 94.

This court follows the decision of the highest court of Ohio which does not provide protection to spendthrift trusts and determines that Ohio law does not support a conclusion that the Ohio Program constitutes an enforceable spendthrift trust. *See Osburn*, 56 B.R. at 867; *Leadbetter*, 111 B.R. at 644; *Hansen*, 111 B.R. at 651.

■ Finally, although the debtor's interest in the deferred funds constitutes property of the estate that is not subject to the spendthrift trust exception provided in § 541(c)(2), the funds may still not be available for the payment of claims in the estate if they qualify as a personal exemption of the debtor. As noted earlier, this Program was intended to supplement the retirement benefits available to state employees. The Ohio exemption statute, Ohio Rev.Code § 2329.66(A)(10)(b), addresses such interests in relevant part as follows:

the person's right to receive a payment under any pension, annuity, **or similar plan or contract,** not including a payment from a stock bonus or profit sharing plan ... on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person, and any of his dependents (emphasis supplied).

Since the Ohio Program was established for retirement purposes and is not in the nature of a stock bonus or profit sharing plan, the debtor may be able to exempt some or all of her deferred compensation on deposit with the Ohio Program. *Osburn* at 875. An examination of the debtor's schedules (B–4) reveals that although she did claim an exemption pursuant to § 2329.66(A)(10)(b), she did not identify the source or amount of the funds she claimed exempt. As a result, the court is unable, in this decision, to determine to what extent the subject funds may be "reasonably necessary for the support" of the debtor or any of her dependants.

The court notes that the trustee did not file any objection to the debtor's claimed exemptions (Bankr.R. 4003). Accordingly, consistent with the doctrine of liberal construction and allowance of exemptions, *Matter of Young*, 93 B.R. 590, 595 (Bankr. S.D.Ohio 1988), *In re Cope*, 80 B.R. 426, 427 (Bankr.N.D.Ohio 1987), the court will fix a date for the debtor to file any amendments to her schedules of exempt property (B–4), a date for the trustee to file any objections to any amended exemptions and a date for an evidentiary hearing to resolve these remaining issues.

To the extent any portion of the funds are determined not to be an exemption of the debtor, the trustee may submit an order requiring the Ohio Public Employees Deferred Compensation Plan to turnover the non-exempt portion to the trustee. *Leadbetter*, 111 B.R. at 644.

Orders in accordance with this decision are simultaneously entered.

SO ORDERED.