**In re Althea Marie COUNCIL, Debtor.**

**Thomas C. SCOTT, Trustee, Plaintiff,**

**v.**

**Althea Marie COUNCIL, et al., Defendants.**

**Bankruptcy No. 2–89–06442.
Adv. No. 2–89–0311.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 5, 1990.

Bonnie I. O'Neil, Thompson, Hine and Flory, Columbus, Ohio, for Thomas C. Scott, trustee.

Shawn H. Nau, Asst. Atty. Gen., Chief Counsel's Staff, Columbus, Ohio, for Ohio Public Employees Deferred Compensation Program.

Stephen E. Schafer, Columbus, Ohio, for debtor.

Charles M. Caldwell, Office of U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon cross-motions for summary judgment filed by the plaintiff, Thomas C. Scott ("Trustee"), the duly appointed trustee in bankruptcy for Althea Marie Council ("Debtor"), the debtor herein, and by the defendant, Ohio Public Employees Deferred Compensation Program ("Program"). The Trustee seeks judgment on his complaint for turnover of the Debtor's interest in the Program. The Program seeks judgment denying the relief sought in the Trustee's complaint. Both the Trustee and the Program claim that there are no genuine is-sues of material fact and that they are entitled to judgment as a matter of law.

The Court previously entered a default judgment in this adversary proceeding against the Debtor for the relief sought in the Trustee's complaint. The effect of this default judgment was to render the Debt-or's interest non-exempt under Ohio Rev. Code § 2329.66 or 11 U.S.C. § 522(b) and to order the Debtor to turn over to the Trust-ee her entire interest in the Program. Execution of the turnover order was stayed until the adversary proceeding between the Trustee and the Program is resolved.

The parties submitted joint stipulations of fact on January 29, 1990. A trial date was set for June 5, 1990, but was continued indefinitely at the parties' request so that the Court could rule on the motions for summary judgment.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) which this bankruptcy judge may hear and determine. The proce-dure by which the relief requested is sought is governed by Rule 56 of the Fed-eral Rules of Civil Procedures made appli-cable by Bankruptcy Rule 7056. The fol-lowing constitute findings of fact and con-clusions of law.

## I. FACTUAL BACKGROUND

The Trustee and the Program have joint-ly stipulated to the following facts:

1. The Debtor filed a bankruptcy peti-tion under Chapter 7 of the Bank-ruptcy Code on December 16, 1988.

2. The Program was established and is operated in accordance with the pro-visions of Ohio Revised Code §§ 145.-71–145.74 and 26 U.S.C. § 457 and the regulations promulgated thereun-der, as a nonqualified, unfunded, de-ferred compensation plan for public employees. The Program has re-ceived approval as such from the United States Internal Revenue Ser-vice. Such approval is evidenced by a letter ruling.

3. Subject to the provisions of law set forth in the preceding paragraph, the participation of an "eligible employee" and "participating employee" in the Program, as those terms are defined by Ohio Revised Code § 145.71, is governed by the Plan Agreement. The Plan Agreement that was in effect as of December 16, 1988, is attached to the Trustee's complaint.

4. Between December 16, 1988 and September 30, 1989, the Program was administered by the Copeland Companies. From October 1, 1989 through the present, the Program has been self-administered.

5. The Debtor has been an "eligible employee" and a "participating employee" in the Program.

6. In accordance with, and subject to, the provisions of law set forth in paragraph 2 and the Plan Agreement, the Debtor's employer had agreed to defer $6,122.36 of what would otherwise be attributable to the Debtor's compensation as of December 16, 1988.

7. As of December 16, 1988, the Debtor had not requested the distribution of all or any part of the amount described above as an emergency hardship in accordance with the provisions of law set forth in paragraph 4 above and Article 4.04 of the Plan Agreement. If such a request had been made prior to December 16, 1988, the Ohio Public Employees Deferred Compensation Board would have determined whether such distribution was permissible under the provisions of law set forth in paragraph 2 above, and under the Plan Agreement.

8. The Debtor has not claimed an exemption for all or any part of the amount described above.

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056, provides in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56.

The purpose for permitting disposition of certain actions on the basis of summary judgment is to eliminate the need for an evidentiary trial if it is clear from the pleadings, documents, and affidavits that the only issues for decision are the legal effects of uncontested facts. *Staats v. Gasearch (In re Turrill)*, 88 B.R. 172 (Bankr. S.D.Ohio 1988). In this case, both parties have stipulated to the basic facts underlying their dispute. The only remaining issues for determination involve the legal ramifications of these stipulated facts upon the Trustee's right to the relief requested in his complaint. Therefore, the Court concludes that this matter is appropriate for summary judgment.

## III. ISSUES

There are two issues for determination by the Court.

1. Does the $6,122.36 deferred compensation to the Debtor on deposit with the Program at the time of her bankruptcy filing constitute property of her bankruptcy estate?

2. If the funds are property of the bankruptcy estate, is the Trustee entitled to turnover of that amount under the provisions of the Plan Agreement and applicable bankruptcy law?

## IV. DISCUSSION

### A. *Deferred Compensation As Property Of The Estate*

■ The question of whether monies deposited by a debtor into the Ohio Public Employees Deferred Compensation Program constitute property of her estate has been frequently litigated during the past few years. In *Gilbert v. Osburn (In re Osburn)*, the court concluded that the

funds were property of the estate despite the fact that they were held in the name of the Program. 56 B.R. 867 (Bankr.S.D.Ohio 1986). The court further held that the property was not excludable from the bankruptcy estate by virtue of 11 U.S.C. § 541(c)(2) because the plan could not be considered a spendthrift trust, or even a trust at all. *Osburn*, at 873. Rather, the court characterized the interest as a chose in action based on a contract and declared that such an interest was property of the estate. *Id.*

The same result was reached recently by another court in two separate cases. *In re Leadbetter*, 111 B.R. 640 (Bankr.N.D.Ohio 1990) and *In re Hansen*, 111 B.R. 647 (Bankr.N.D.Ohio 1990). After an extensive analysis of the Internal Revenue Code and the plan documents themselves, Judge Baxter determined in both cases that the debtors held at least an inchoate interest in the deferred funds and that the debtors were properly characterized as general creditors of their employers. *Leadbetter*, at 642; *Hansen*, at 649–50. This interest constituted estate property under 11 U.S.C. § 541(a). *Leadbetter*, at 642; *Hansen*, at 650.

Finally, in *Luring v. Administrator, Ohio Public Employees Deferred Compensation Program (In re Petrey)*, 116 B.R. 95 (Bankr.S.D.Ohio 1990), Judge Waldron again held that the Program creates an interest in the deferred compensation fund in favor of the employee-debtor and that this interest is includable in the debtor's bankruptcy estate. It is noteworthy that in rendering its opinion the *Petrey* court reviewed and discussed a decision of the Common Pleas Court of Franklin County, Ohio. That decision, *Kirka v. Ohio Public Employees Deferred Compensation Program*, No. 89 CV–02–779, slip op. (Franklin Co. C.P. July 25, 1989), was also relied upon by the Program in this adversary proceeding.

The Program has not argued here, as it did unsuccessfully in each of the four bankruptcy cases above, that the Debtor's interest is excluded from her bankruptcy estate under 11 U.S.C. § 541(c)(2). If it had, the same result would doubtlessly been reached since the Program plainly does not qualify as a valid and enforceable spendthrift trust under Ohio law. *See In re Gribben*, 84 B.R. 494 (S.D.Ohio 1988). Rather, the Program contends that the deferred compensation is not estate property because the funds are presently the sole property of the Debtor's employer. A similar argument was, of course, rejected in *Osburn*, but the Program asserts that this holding in *Osburn* was called into question by the state court decision in *Kirka*, slip op.

The Court agrees with Judge Waldron that *Kirka* is irrelevant to the question of whether deferred compensation deposited by a debtor into the Program becomes property of her estate upon her bankruptcy filing. *Petrey*, at 98. The issue addressed by the state court was whether a non-bankrupt participant was entitled to an early withdrawal of his funds on the basis that he had never been informed of any restrictions on his right to withdraw and held a reasonable belief that there were no such restrictions. *Kirka*, slip op. at 1–2. The court had no reason or opportunity to consider federal bankruptcy law in reaching its decision that early withdrawal was not permissible absent termination of employment or meeting the requirements of an unforeseeable emergency.

Based on the foregoing analysis, the Court finds as a matter of law that the Debtor's deferred compensation in the amount of $6,122.36 is property of her estate under 11 U.S.C. § 541(a).

### B. *Trustee's Right To Turnover*

■ Once assets have been determined to be estate property, the Trustee is usually entitled to turnover unless the property is excluded by some applicable bankruptcy provision or is subject to a declared exemption by the debtor. *See e.g. Leadbetter*, at 644 and *Hansen*, at 651. The Debtor has not claimed that the deferred compensation funds are exempt. In fact, the default judgment rendered by the Court in this adversary proceeding against the Debtor declared her entire interest in the Program

to be non-exempt. Therefore, turnover would appear to be appropriate here, and was ordered under similar circumstance in *Leadbetter* and *Hansen.*

The Program, however, contends that the Trustee possesses no greater rights in the funds than the Debtor. A participant may obtain a distribution only upon termination of employment, reaching the age of 70½ or incurring an unforeseeable emergency. Because allegedly none of these conditions has occurred, the Program argues that neither the Debtor nor the Trustee is entitled to distribution.

Section 1.24 of the Plan Document states as follows:

Unforceable emergency shall mean *severe financial hardship resulting from* a sudden and unexpected illness or accident of a Participant or of a dependent (as defined in Section 152(a) of the Code) of the participant, loss of the participant's property due to casualty, or *other similar extraordinary and unforeseeable circumstances arising as a result of events beyond the control of the Participant,* which cannot be relieved by reimbursement or compensation (by insurance or otherwise), liquidation of the Participant's assets (to the extent the liquidation would not itself cause severe financial hardship), or cessation of deferrals under the Plan. An unforeseeable emergency shall not include the need to send the Participant's child to college or the desire to purchase a home. The decision by the Plan Administrator as to whether an unforeseeable Emergency exists shall be final and conclusive. (emphasis added).

The Court believes that the Debtor's bankruptcy qualifies as an unforeseeable emergency under this definition. Contrary to the Program's assertion, the provisions in the Code of Federal Regulations applicable to 26 U.S.C. § 457 do not state that mere insolvency or bankruptcy is insufficient to qualify. Rather, such provisions contain almost identical language to that used in Section 1.24 of the Plan Document, adding that the circumstances that will constitute an unforeseeable emergency will de-pend upon the facts of each case. 26 C.F.R. 1.457–2(B)(4) (1989).

Because the Debtor's bankruptcy constitutes an unforeseeable emergency, the Trustee is entitled to turnover of the entire amount as a matter of law. The Court feels that turnover is particularly appropriate, as here, where the funds resulted solely from the voluntary contributions of the Debtor. The Court further notes that every court which has considered this issue has determined that turnover is appropriate except to the extent that the deferred compensation funds may be exempt. *See Osburn,* at 875–76; *Leadbetter,* at 644; *Hansen,* at 651; and *Petrey,* at 100.

## V. CONCLUSION

Based on the foregoing, the motion of the Trustee for summary judgment is granted and the motion of the Ohio Public Employees Deferred Compensation program of summary judgment is denied.