**In re Duane Alan MARTUCCI, Debtor.**

**Marvin A. SICHERMAN,
Trustee, Plaintiff,**

**v.**

**The COPELAND COMPANIES,
et al., Defendants.**

**Bankruptcy No. B90–01642.
Adv. No. B90–223.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Jan. 30, 1992.

Marvin A. Sicherman, Michael Zaverton, Dettelbach, Sicherman & Baumgart, Cleveland, Ohio, for plaintiff.

Christopher B. McNeil, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court are cross-motions for summary judgment filed by Plaintiff–Trustee, Marvin A. Sicherman, and Defendant, Ohio Public Employees Deferred Compensation Program (Ohio Program), on Trustee's complaint for turnover of money and determination of claims and interests thereto. Specifically requested is turnover of Defendant–Debtor, Duane Alan Martucci's deferred compensation fund as a non-exempt asset of the Chapter 7 estate. The parties submitted briefs and stipulations.

This matter is a core proceeding within the jurisdiction of this Court. 28 U.S.C. §§ 1334(a), (b), 157(b)(2)(A), (E), (O). Also, see stipulation No. 1. Decision herein was held in abeyance pending a ruling by the Sixth Circuit in the appeal of *In re Leadbetter*, 111 B.R. 640 (Bankr.N.D. Ohio 1990), aff'd. 1:90 CV 0731 (N.D.Ohio, Nov. 30, 1990, amended Dec. 5, 1990). The *Leadbetter* decision was affirmed by the Sixth Circuit in an opinion and order entered on October 21, 1991. *Sicherman v. Ohio Public Employees Deferred Compensation Program*, 946 F.2d 895. A subsequent petition for rehearing was denied by order of December 19, 1991. In view of that decision and the absence of genuine issues of material fact, summary judgment is appropriate. Federal Rule of Bankruptcy Procedure 7056.

Stipulated are the following:—

"1. Jurisdiction of the within matter is vested in this Court by virtue of the provisions of 28 U.S.C. § 157(b)(2)(A), (E) and (O), and 11 U.S.C. § 542.

2. Duane Allen (sic) Martucci, SSN 299–40–7421, is the Debtor in this Bankruptcy Case, commenced under Chapter 7 of the Bankruptcy Code on April 11, 1990.

3. Marvin A. Sicherman, is the Trustee in Bankruptcy in this case, and the Plaintiff in this Adversary Proceeding.

4. The Ohio Program and Duane Allen (sic) Martucci are the Defendants in this Adversary Proceeding.

5. The Ohio Program was established, and is operated in accordance with the provisions of Ohio Revised Code §§ 145.71 through 145.74 and 26 U.S.C. § 457 and the regulations promulgated thereunder, as a non-qualified, unfunded, deferred compensation plan for public employees. The Ohio Program has received approval as such from the United States Internal Revenue Service. Such approval is evidenced by a letter ruling which is attached hereto and is incorporated herein by reference (Exhibit # 1).

6. The participation in the Ohio Program of an "eligible employee" and "participating employee" as those terms are defined by Ohio Revised Code § 145.71 is governed by the Plan Agreement. The Plan Agreement that was in effect at the time of the commencement of the Debtor's case under Chapter 7 of title 11 of the U.S.Code is attached and incorporated herein by reference (Exhibit # 2); and is the same Plan Agreement that was discussed in another bankruptcy case, *In re Leadbetter*, 111 B.R. 640 (B.N.D.Ohio, E.D., 1990).

7. Between December 1, 1987 and September 30, 1989, the Ohio Program was administered by the Copeland Companies. From October 1, 1989 through the present, the Ohio Program has been self-administered.

8. The Debtor at all pertinent times has been an "eligible employee" and a "participating employee" in the Ohio Program as those terms are defined by Ohio Revised Code § 145.71.

9. In accordance with the Plan Agreement, and the Debtor's request and agree-

ment, Debtor's employer had agreed to, and did, defer an undetermined amount, but in no event less than $2,289.08, of what would otherwise have been the Debtor's compensation (See Exhibit "A" attached to the Complaint and incorporated herein by reference.); which sums were deposited to and credited to the account of the Debtor with the Ohio Program.

10. As of April 11, 1990, the Debtor had not requested the distribution of all or any part of the amount described above as an emergency hardship withdrawal in accordance with the provisions of Article 4.04 of the Plan Agreement.

11. The Ohio Program is separate and distinct from the Ohio Public Employees Retirement System ("PERS"), and PERS was created under Ohio Revised Code §§ 145.01 through 145.59.

12. The Debtor has not claimed an exemption for all or any part of the amount described above."

In addition, examination of the exhibits reflects the following:—

13. Pursuant to Article III, Section 3.04 of the plan agreement the plan assets remain the property of the employer. A participant's interest in the plan is defined as "that of a general creditor of the employer." (EXH. 2)

14. Article III, Sections 3.01 and 3.02 require that an account be maintained for each plan participant. Article II, Section 1.01 defines an account as "reflecting the interest of a participant under the plan." (EXH. 2)

15. Pursuant to Article IV of the plan agreement a participant may receive distribution of his account only upon the occurrence of the following: (1) reaching the age of 70½; (2) termination of employment; (3) incurrence of an unforeseeable emergency. (EXH. 2, Article IV, Sections 4.01–4.08). Pursuant to Article I, Section 1.24 of the plan agreement:—

"Unforeseeable Emergency means severe financial hardship resulting from a sudden and unexpected illness or accident of a Participant or of a dependent (as defined in Section 152(a) of the Code) of the Participant, loss of the Participant's property due to casualty, or other similar extraordinary and unforeseeable circumstances arising as a result of events beyond the control of the Participant, which hardship cannot be relieved by reimbursement or compensation (by insurance or otherwise), liquidation of the Participant's assets (to the extent the liquidation would not itself cause severe financial hardship), or cessation of deferrals under the Plan. An Unforeseeable Emergency shall not include the need to send the Participant's child to college or the desire to purchase a home. The decision by the Plan Administrator as to whether an Unforeseeable Emergency exists shall be final and conclusive."

## DISCUSSION

Trustee seeks turnover of Debtor's prepetition account in the plan plus interest and earnings thereon as an asset of the bankruptcy estate. Ohio Program maintains the funds are not estate property because title is vested in the Ohio Program in compliance with federal tax law. In addition, it asserts Trustee possesses no greater right to the fund than Debtor who was not entitled to receive a distribution on the date the bankruptcy case was filed.

The Sixth Circuit discussed the same plan agreement under a virtually identical factual situation in *In re Leadbetter*. In its opinion that Court accepted and affirmed decision requiring turnover of the debtor's deferred funds as property of the bankruptcy estate pursuant to Section 541(a)(1) of the Bankruptcy Code. 11 U.S.C. § 541(a)(1). It found no tension between the tax code, 26 U.S.C. § 457, and the Bankruptcy Code. This Court is bound by the *Leadbetter* decision and concludes the debtor's deferred compensation fund is an asset of the bankruptcy estate pursuant to Section 541(a)(1) of the Bankruptcy Code for reasons stated by the Bankruptcy Court and affirmed by the District Court and Sixth Circuit on appeal in *Leadbetter*. Moreover, as the Courts concluded in *Leadbetter*, the funds are subject to an order for turnover. 11 U.S.C. § 542.

**156**

## CONCLUSION

Defendant–Debtor's deferred compensation fund, plus interest accrued thereon, is a non-exempt asset of the bankruptcy estate pursuant to Section 541(a)(1) of Title 11 of the United States Code. Plaintiff–Trustee's motion for summary judgment on his complaint for turnover of money and determination of claims and interests thereto is, therefore, granted. Defendant–Ohio Program's motion for summary judgment is denied in accordance with this determination.