992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Walter C. LEADBETTER, Debtor,
Marvin A. SICHERMAN, Trustee, Plaintiff-Appellee,
v.
The OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM,
Defendant-Appellant.
 No. 91-3076.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 Upon Remand by the Supreme Court of the United States
 PER CURIAM.
 
 
 1
 In this bankruptcy appeal, the state of Ohio, on behalf of the Ohio Public Employees Deferred Compensation Program (Ohio Program) challenges the district court's order requiring the Ohio Program to turnover deferred compensation held on behalf of debtor Walter C. Leadbetter. In our original decision, we affirmed the district court. We have been directed to reconsider that decision in light of the Supreme Court's recent decision in Patterson v. Shumate, 112 S.Ct. 2242 (1992). For the following reasons, we again AFFIRM the district court's turnover order.
 
 I.
 
 2
 The state of Ohio administers the Ohio Program on behalf of state employees. The Ohio Program was established pursuant to Ohio Rev.Code §§ 145.71-.74 to create a deferred compensation program for state employees. The Ohio Program qualifies for tax-deferred status under 26 U.S.C. § 457, which provides that compensation placed in a deferred compensation plan is not subject to federal income tax until it is withdrawn from the plan by the employee. See Ohio Admin.Code § 145:1-1-01(C)(2) (1992) (requiring that the plan agreements meet the requirements of § 457). Section 457 specifically requires as a condition of tax-deferred status that the funds "remain (until made available to the participant or other beneficiary) solely the property and rights of the employer ... subject only to the claims of the employer's general creditors." 26 U.S.C. § 457(b)(6).[1] See also Ohio Admin.Code § 145.1-1-01(C)(6) (1992) (requiring plan assets to be assets of the employer, in accord with 26 U.S.C. § 457(b)(6)).
 
 
 3
 The Ohio Program further provides that deferred compensation may only be distributed (1) upon termination of a participant's state employment, (2) when a participant reaches an age of 70 1/2 years, (3) if the withdrawal is de minimis, or (4) if the withdrawal is an "emergency withdrawal" approved by the Ohio Program in accordance with federal regulations, see 26 C.F.R. § 1.457-2(h)(1), (4)-(5) (1992). Participants in the Ohio Program agree to these restrictions by signing a participation agreement before they defer any compensation into the Ohio Program. See Ohio Admin.Code § 145:1-1-01(C)(4).
 
 
 4
 Debtor, a state employee, agreed to these terms and began deferring compensation into the Ohio Program. In 1988, debtor filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. In 1989, the trustee for the bankruptcy estate discovered in excess of $3,500 in deferred compensation held by the Ohio Program and sought turnover of those funds to the bankruptcy estate. Debtor did not object, but the Ohio Program did, arguing that including the deferred compensation in the bankruptcy estate would violate § 457(b)(6)'s requirement that the funds remain solely the property of the employer, in this case, the state of Ohio.
 
 
 5
 The bankruptcy court ordered turnover of the funds and the district court affirmed. The Ohio Program appealed the district court's order; we affirmed. The Supreme Court granted certiorari and vacated our opinion for reconsideration in light of its decision in Patterson v. Shumate, 112 S.Ct. 2242 (1992). Ohio Pub. Employees Deferred Compensation Program v. Sicherman, 112 S.Ct. 2987 (1992).
 
 II.
 A.
 
 6
 Under 11 U.S.C. § 541(a)(1), property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." However, 11 U.S.C. § 541(c)(2) creates an exception to § 541(a)'s broad definition of the "property of the estate" by providing that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). In Patterson v. Shumate, 112 S.Ct. 2242 (1992), the Court construed the term "applicable nonbankruptcy law" in § 541(c)(2) as encompassing any relevant nonbankruptcy law, including federal law such as ERISA. The Court rejected the view of courts of appeals decisions holding that the phrase referred only to state spendthrift trust law, finding that they had improperly relied on legislative history when the plain language of the statute presented no ambiguity to be resolved. Id. at 2245-47. Based on this interpretation, the Court found that the anti-alienation provision in the ERISA-qualified pension plan at issue imposed a restriction on the transfer of the debtor's beneficial interest in a trust, the ERISA plan. Id. at 2247-48.[2]
 
 B.
 
 7
 The question before us is whether funds placed in a public deferred compensation plan meeting the requirements of 26 U.S.C. § 457 are properly included in the bankruptcy estate under 11 U.S.C. § 541(a). More precisely, we must determine whether § 457(b)(6)'s requirement that the funds remain "solely" the property of the employer either exempts the funds from inclusion in the § 541(a) estate or excepts the funds under § 541(c)(2).
 
 1.
 
 8
 It is well-settled that the broad definition of "property of the estate" under § 541(a)(1) includes "all legally recognizable interests although they may be contingent and not subject to possession until some future time." Rau v. Ryerson (In re Ryerson), 739 F.2d 1423, 1425 (9th Cir.1984). See also Collier's on Bankruptcy § 541.06 (Lawrence P. King ed., 15th ed. 1991) (discussing breadth of § 541(a)'s definition of "property of the estate").
 
 
 9
 The Ohio Program argues that § 457(b)(6)'s requirement that the deferred compensation remain "solely" the property of the employer requires exclusion of the funds from the bankruptcy estate. We disagree. As stated in In re Hansen, 111 B.R. 647 (Bankr.N.D.Ohio 1990), interpreting the Ohio Program at issue, "one can readily surmise that the Debtor or any such depositor has an expectancy of a return of investment at some future date as a result of the very purpose of this type of program." Id. at 649. Moreover, under p 3.04 of the Ohio Program's plan document, participants are characterized as general creditors of their employer; and, under § 457(b)(6), the deferred funds are subject to the claims of the employer's general creditors. Thus, participants in the Ohio Program have, at a minimum, a contingent interest in the funds.[3]
 
 
 10
 Thus, we conclude that the Ohio Program's status as a tax-exempt deferred compensation plan under § 457 does not prevent inclusion of the deferred compensation as "property of the estate" under § 541(a). See also Scott v. Council (In re Council), 122 B.R. 64, 66-67 (Bankr.S.D.Ohio 1990); Luring v. Ohio Pub. Employees Deferred Compensation Program (In re Petrey), 116 B.R. 95, 98-99 (Bankr.S.D.Ohio 1990); Gilbert v. Osburn (In re Osburn), 56 B.R. 867, 871-72 (Bankr.S.D.Ohio 1986) (finding that plan assets in Ohio Program are "property of the estate").
 
 2.
 
 11
 Having concluded that the deferred compensation is included in the bankruptcy estate under § 541(a)(1), we now determine whether the funds may be excepted out under § 541(c)(2). After Patterson, it is clear that anti-alienation provisions required by the Tax Code are "applicable nonbankruptcy law" enforceable under § 541(c)(2). Thus, we must decide whether § 457 provides the necessary restriction on debtor's interest to fall within the § 541(c)(2) exception.
 
 
 12
 It does not. By its own terms, a predicate to the application of § 541(c)(2) is that the property interest sought to be excluded be "a beneficial interest ... in a trust." 11 U.S.C. § 541(c)(2) (emphasis added). Here, § 457(a)(6), the very provision to which the Ohio Program points as a restriction enforceable under "applicable nonbankruptcy law", provides that the deferred compensation remains the property of the employer, subject only to general creditor claims. By definition, a trust exists only when one party, the trustee, holds legal title to the corpus, while another party, the beneficiary, holds equitable or beneficial title in the corpus. See George T. Bogert, Trusts § 1 (6th ed. 1987) (discussing nature of trusts and the division of legal and beneficial title between a trustee and a beneficiary). See generally Black's Law Dictionary 156, 1508-09 (6th ed. 1990) (defining trusts and explaining the division of legal and equitable title of the trust res). Thus, under § 457, the Ohio Program cannot be a trust because there is no division of title; rather, all the funds are the sole property of the Ohio Program.
 
 
 13
 This result is further compelled by the fact that under § 457, a requirement for deferential tax status is that the plan not be a trust. See Foil v. Commissioner, 920 F.2d 1196, 1209 (5th Cir.1990) (funds placed in a retirement plan did not qualify for the deferred taxation of § 457 because "the funds held in the [retirement] trust belong[ed] to the members as beneficiaries, and [were] not the sole property of the State"). See also I.R.S. Notice 87-13, 1987 C.B. 432, 444 ("[C]ompliance with the exclusive purpose, trust, funding and certain other rules [of ERISA] will cause the plan to fail to satisfy section 457(b)(6).") (emphasis added); Fed. Tax Coordinator 2d (Res.Inst.Am.) p 3321 (1993) (noting distinction between ERISA plans, which are trusts, and § 457 deferred compensation plans, which cannot be trusts). Moreover, p 3.04 of the plan document expressly states that it does not create a trust and that participants are general creditors, not beneficiaries. See also Ohio Admin.Code § 145:1-1-01(C)(11) (1992) (disavowing any fiduciary relationship between the Ohio Program and participants in the Ohio Program). Indeed, the Ohio Program has conceded that no trust exists.
 
 
 14
 Because the unambiguous language of § 541(c)(2) requires that the Ohio Program be a trust, and the Ohio Program cannot be one, the § 541(c)(2) exception is inapplicable. Cf. Patterson, 112 S.Ct. at 2247-48 (applying § 541(c)(2) to an ERISA pension plan which was a trust under ERISA, § 403(a), 29 U.S.C. § 1103(a) (requiring that all plan assets be held in trust on behalf of employees)). Thus, debtor's deferred compensation in the Ohio Program remains part of the bankruptcy estate under § 541(a)(1).
 
 C.
 
 15
 The Ohio Program also argues that this appeal is now moot due to the amendment of Ohio Rev.Code § 2329.66, which lists property allowed to be exempted from the bankruptcy estate under 11 U.S.C. § 522(b)(2)(A).[4] Section 522(b)(2)(A) allows states to provide that certain property interests will not be included in the "property of the estate" under 11 U.S.C. § 541(a). See Ford Motor Credit Co. v. Dixon (In re Dixon), 885 F.2d 327, 329 (6th Cir.1989) (discussing § 522(b)(2)(A) and Ohio Rev.Code § 2329.66). Subsequent to our original decision, the state of Ohio amended § 2329.66 to provide for exemption of a "right to a participant account in any deferred compensation program offered by the Ohio public employees deferred compensation board, a government unit, or a municipal corporation...." Ohio Rev.Code § 2329.66(A)(10)(a). Thus, debtors may now exclude their interests in these plans from the bankruptcy estate through the use of § 522(b)(2)(A).
 
 
 16
 Despite this statutory change, this appeal is not moot. Section 522(b)(2)(A) allows exemption of property exempted by state law "applicable on the date of the filing of the petition." See Taylor v. Knostman (In re John Taylor Co.), 935 F.2d 75, 77-78 (5th Cir.1991) (explaining that state law must be applied as it existed at the time of the filing of the petition). Section 2329.66(A)(10)(a) was not amended to provide an exemption for deferred compensation until after debtor filed his petition. The statutory change therefore has no effect on our decision in this appeal.
 
 III.
 
 17
 For the foregoing reasons, we AFFIRM the district court affirmance of the bankruptcy court's order to turnover the deferred compensation to the bankruptcy trustee.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Section 457(b)(6) provides:
 (b) Eligible deferred compensation plan defined.--For purposes of this section, the term "eligible deferred compensation plan" means a plan established and maintained by an eligible employer--
 ....
 (6) which provides that--
 (A) all amounts of compensation deferred under the plan,
 (B) all property and rights purchased with such amounts, and
 (C) all income attributable to such amounts, property, or rights,
 shall remain (until made available to the participant or other beneficiary) solely the property and rights of the employer (without being restricted to the provision of benefits under the plan) subject only to the claims of the employer's general creditors.
 26 U.S.C. § 457(b)(6). 26 U.S.C. § 457(e)(1)(A) provides that a state, political subdivision, or agency of either is an "eligible employer."
 
 
 [2]
 Patterson effectively affirms our earlier decision in Forbes v. Lucas (In re Lucas), 924 F.2d 597 (6th Cir.), cert. denied, 111 S.Ct. 2275 (1991), cited in Patterson, 112 S.Ct. at 2246 n. 1. In Lucas, we held that "applicable nonbankruptcy law" referred to federal and state law, not just state spendthrift trust law. Id. at 600-02. Like Patterson, Lucas involved ERISA funds which we held excepted from the bankruptcy estate under § 541(c)(2) because of the anti-alienation clauses required by ERISA. Id. at 602-03. Thus, Patterson, while resolving a split among the circuits, does not alter the law of the Sixth Circuit defining "applicable nonbankruptcy law" according to its plain meaning
 
 
 [3]
 Paragraph 3.04 of the plan document provides:
 All assets related to the [Ohio Program], including all deferred amounts, shall be the property of the Employer, and shall be subject to the claims of the creditors of the Employer, cognizable at law or in equity, without protection or preference. A Participant's interest in the [Ohio Program] shall be only that of a general creditor of the Employer and such interest shall not exceed the amount of the Participant's Account. No trust fund, bailment, or other fiduciary relationship or property right shall be created by the existence of the [Ohio Program].
 
 
 [4]
 Section 522(b)(2)(A) provides, in pertinent part:
 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in ... paragraph (2) of this subsection.... Such property is--
 (2)(A) any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition....
 11 U.S.C. § 522(b)(2)(A).