155 B.R. 750 (1993)
In the Matter of William Daniel PEDERSEN and Gayle Larae Pedersen, Debtors.
C.R. HANNAN, Trustee, Plaintiff,
v.
PUBLIC EMPLOYEES BENEFIT SERVICES CORPORATION, PLAN ADMINISTRATOR FOR THE DEFERRED COMPENSATION PLAN FOR the CITY OF COUNCIL BLUFFS, IOWA, Defendant.
Bankruptcy No. 90-99-W H, Adv. No. 91-91194.
United States Bankruptcy Court, S.D. Iowa.
June 16, 1993.
*751 Deborah L. Petersen, Council Bluffs, IA, for plaintiff.
Steven H. Krohn, Council Bluffs, IA, for defendant.

ORDERMOTIONS FOR SUMMARY JUDGMENT
RUSSELL J. HILL, Bankruptcy Judge.
Defendant's and Plaintiff's motions for summary judgment were taken under advisement June 11, 1992 and exhibits were received. This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). Upon review of the pleadings, arguments and *752 exhibits, findings of fact and conclusions of law are now entered pursuant to Fed. R.Bankr.P. 7052.

FINDINGS OF FACT
1. Debtors filed their Chapter 7 bankruptcy on January 17, 1990. The Plaintiff is the duly-appointed, qualified, and acting Trustee herein.
2. While Debtors claimed no present interest in, nor any ability to withdraw any monies therefrom, they claimed as exempt property a Deferred Compensation Program Account. By stipulated order dated July 2, 1990 the Trustee's objection to that claim of exemption was sustained.
3. On September 23, 1991 the Trustee filed this Complaint for Turnover of Property. In his Complaint the Trustee alleges in pertinent part as follows:
6. The Trustee has made demand on the Debtors for the turn over of the property and the Debtors have failed and refused to comply, stating that the Defendant, Public Employees Benefit Services Corporation, Plan Administrator for the Deferred Compensation Plan for the City of Council Bluffs, Iowa, will not allow compliance.
7. Although requested to do so, Defendant, Public Employees Benefit Services corporation, Plan Administrator for the Deferred Compensation Plan for the City of Council Bluffs, Iowa, has failed to turn over the funds.
8. The Trustee is entitled to these funds pursuant to the Court's Order of July 2, 1990.
WHEREFORE, Plaintiff prays that the Court enter an order requiring the Defendant, Public Employees Benefit Services Corporation, Plan Administrator for the Deferred compensation Plan for the City of Council Bluffs, Iowa, to turn over the retirement plan belonging to Debtors, and for such other and further relief as the Court deems just and equitable in the premises.
4. Defendant, Public Employees Benefit Services Corporation (PEBSCO) filed its Answer to the Complaint on November 1, 1991. In response to paragraphs 6-8 of the Complaint, PEBSCO stated as follows:
6. Defendant denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.
7. The allegations of paragraph 7 are denied.
8. The allegations of paragraph 8 are denied.
WHEREFORE, defendant demands that the Court enter judgment dismissing the Complaint, that the Defendant be awarded costs incurred herein and that the defendant be awarded such other and further relief as the Court may deem just.
5. The Stipulated Scheduling Order filed December 18, 1991 listed under "FACT IN DISPUTE" as follows:
That demand was made upon the Debtors for the turn over of this property and the Debtors have failed and refused to comply for the reason that the Defendant herein will not allow compliance. That Defendant has failed to turn over the funds contained in the Deferred Compensation Plan for the City of Council Bluffs, Iowa.
6. On May 1, 1992 PEBSCO filed its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). The motion was made on the ground that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law.
7. In its brief in support of motion for summary judgment, PEBSCO makes three arguments
a. that summary judgment is proper as there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law;
b. that all property relating to the Deferred Compensation Plan is the sole property of Council Bluffs and the Trustee has no rights in and to any property as there is no property relating to the Plan that is property of the estate; and,
c. that PEBSCO is not in possession or control of any property for which a turnover *753 order is sought and, therefore, this Court has no jurisdiction to order the turnover of any such assets by PEBSCO.
8. On May 4, 1992 the Plaintiff-Trustee filed a motion for summary judgment. Paragraph 2 of the motion states as follows:
2. The Defendant has filed an Answer in this matter which denies all of the allegations of the Plaintiff's Complaint except for the allegation that the Plaintiff is the duly appointed Trustee. There is no dispute of fact as to the Defendant being in possession, custody, or control, during the Debtor's case, of property that the Trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title. [emphasis added.]
9. On May 18, 1992 Plaintiff-Trustee filed a Resistance to Motion for Summary Judgment.
10. On May 22, 1992 the parties filed and this Court approved a Stipulated Final Pre-Trial Order. Under the heading "B. STATEMENT OF DISPUTED FACTS," this Order states "Whether the Defendant is in possession or control of any of the finds sought to be recovered by the Trustee."
In the Order the parties stipulate to the admission of the following exhibits:
a. The Plan Document for the Deferred Compensation Plan adopted by the City of Council Bluffs.
b. The Administrative Service Agreement dated November 8, 1982, between City of Council Bluffs and Nationwide Life Insurance Company and Public Employees Benefit Services Corporation.
c. Contract between Nationwide Life Insurance Company and the City of Council Bluffs, Iowa, dated November 8, 1982.
These exhibits have been filed with the Court.
11. On May 26, 1992, PEBSCO filed its Resistance to Motion for Summary Judgment.
12. The City of Council Bluffs, Iowa, has previously adopted a deferred compensation plan under Internal Revenue Code § 457.
13. The Defendant, Public Employees Benefit Services Corporation (hereinafter PEBSCO), acts as administrator of the Council Bluffs' Deferred Compensation Plan pursuant to a written Administrative Service Agreement dated November 8, 1982, between the City of Council Bluffs, Nationwide Life Insurance Company (hereinafter NLIC) and PEBSCO.
14. Employees of the City of Council Bluffs may elect to participate in the Deferred Compensation Plan (hereinafter the Plan). Under the Plan, amounts withheld from compensation of employees of the City of Council Bluffs are forwarded by the City of Council Bluffs through a depository to NLIC pursuant to a contract between NLIC and the City of Council Bluffs.
15. Pursuant to participation elections filed by the Debtor, the Debtor has previously elected that certain amounts be withheld from his compensation.
16. The deferrals from the Debtor, along with other deferrals from other participants of the City of Council Bluffs are invested in contracts with NLIC, which are owned by the City of Council Bluffs.
17. The Debtor currently is, and at the time of all deferrals was, an employee of the City of Council Bluffs, Iowa.
18. Article IV of the Plan provides that if a Participant terminates employment with the Employer and accepts employment with another employer, which maintains an eligible plan, then the Participant may be able to transfer his account balance from the Plan to a plan maintained by the new employer.
19. Article VI of the Plan provides that the Plan Administrator, here PEBSCO, shall maintain an account with respect to each Participant, with written status reports to be furnished annually to the Participant. All reports to the Participant shall be based on fair market value.
20. Article VII Section 7.04 of the Plan provides as follows:
All assets of the Plan, including all deferred amounts, property and rights purchased *754 with deferred amounts, and all income attributable to such deferred amounts, property or rights, shall remain (until made available to the PARTICIPANT or Beneficiary) solely the property and rights of the EMPLOYER (without being restricted to the provision of benefits under the Plan), subject only to the claims of creditors of the EMPLOYER. Contracts and other evidences of the investments of all assets under this Plan shall be registered in the name of the EMPLOYER which shall be the owner and beneficiary thereof. The rights of the PARTICIPANT created by this Plan shall be those of a general creditor of the EMPLOYER, and in an amount equal to the fair market value of the deferred account maintained with respect to the PARTICIPANT. The PARTICIPANT acknowledges that his rights are no greater than those of a general creditor of the EMPLOYER and that in any suit for an accounting, to impose a constructive trust, or to recover any sum under this Plan, the PARTICIPANT'S rights are limited to those of a general creditor of the EMPLOYER. The EMPLOYER acknowledges that the Administrator is the agent of the EMPLOYER.
21. Article VIII Section 8.01 Commencement of Distributions provides:
The PARTICIPANT may elect the time at which distributions under the Plan are to commence by designating the month and year during which the first distribution is made. The earliest distribution commencement date that may be elected by the PARTICIPANT shall be the earlier of:
(a) The date on which the PARTICIPANT separates from service; or
(b) The date on which the PARTICIPANT attains age 70½ or terminates deferrals under this Plan, whichever is later.
22. Article VIII Section 8.04. Unforeseeable Emergency provides:
Notwithstanding any other provisions herein, in the event of an Unforeseeable Emergency, a PARTICIPANT may request that benefits be paid to him immediately; provided, however, that payment of any such benefits after the Elected or Mandatory Commencement date shall be subject to any limitations specified by an investment carrier. Such request shall be filed in accordance with procedures established pursuant to this Plan. If the application for payment is approved by the EMPLOYER or its designee, payments shall be effected within 45 days of such approval. Benefits to be paid shall be limited strictly to the amount necessary to meet the Unforeseeable Emergency constituting financial hardship to the extent such Unforeseeable Emergency is not relieved:
(a) through reimbursement or compensation by insurance or otherwise;
(b) by liquidation of the PARTICIPANT'S assets, to the extent the liquidation of such assets would not itself cause financial hardship; or
(c) by cessation of deferrals under the Plan.
Foreseeable personal expenditures normally budgetable, such as down payment on a home, the purchase of an automobile, college or other educational expense, etc., will not constitute an Unforeseeable Emergency. The decision of the EMPLOYER or its designee concerning the payment of benefits under this Section shall be final.
Unforeseeable Emergency is defined in Article I as a severe financial hardship to the participant resulting from a sudden and unexpected illness or accident of the participant or a dependent, loss of property due to casualty, or other similar or extraordinary and unforeseeable circumstances arising as a result of events beyond the control of the participant.
23. Article IX Section 9.04 provides that the "EMPLOYER and the Administrator do not represent or guarantee that any particular Federal or State income, payroll, personal property, or other tax consequence will occur because of the PARTICIPANT'S participation in this Plan." Section 9.08 provides that "[t]he rights of the PARTICIPANT under this plan shall not be subject to the rights of creditors of the *755 PARTICIPANT or any Beneficiary, and shall be exempt from execution, attachment, prior assignment, or any other judicial relief or order for the benefit of creditors or other third persons." Section 9.09 provides that the plan participant shall have no right "to commute, sell, assign, pledge, encumber, transfer, or otherwise convey the right to receive any payments hereunder which payments and right thereto are expressly declared to be nonassignable and nontransferable."

DISCUSSION
Trustee has filed a complaint praying that, pursuant to 11 U.S.C. § 542, the court enter an order requiring PEBSCO to turn over the retirement plan belonging to Debtors. PEBSCO has moved for summary judgment against the Trustee as a matter of law. Trustee agrees there are no material disputed facts; but moves for summary judgment against PEBSCO arguing that Trustee is entitled to the Plan funds as a matter of law. While the parties agree there are no material disputed facts, the Court concludes there is a genuine dispute about whether PEBSCO is in possession, custody, or control of the property at issue such that summary judgment may not be granted. The Court will, however, address the issues that can be disposed of as a matter of law and restate the issue that will be set for trial.
SUMMARY JUDGMENT
Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Continental Grain Co. v. Frank Seitzinger Storage, Inc., 837 F.2d 836, 838 (8th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); Celotex, 477 U.S. at 324, 106 S.Ct. at 2552; Johnson v. Schopf, 669 F.Supp. 291, 295 (D.Minn.1987). The proof that the nonmoving party must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Johnson, 669 F.Supp. at 295-96. On a motion for summary judgment, the court views all the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences that can be drawn from the facts. United States v. City of Columbia, Mo., 914 F.2d 151, 153 (8th Cir. 1990); Woodsmith Publishing Co. v. Meredith Corp., 904 F.2d 1244, 1247 (8th Cir. 1990).
While the parties have both agreed that no material facts are in dispute, PEBSCO alleges (in its brief in support of motion for summary judgment) that it is not in possession or control of any property for which a turnover order is sought. While Trustee alleges in his motion for summary judgment that there is no dispute of fact as to the Defendant being in possession, custody, or control of property that the Trustee may use, sell or lease, Trustee's Complaint does not in fact allege that PEBSCO has possession, custody or control over the property Trustee seeks. The Stipulated Final Pre-Trial Order filed May 22, 1992 does list as a disputed fact whether the Defendant is in possession or control of any of the funds sought to be recovered by the Trustee. In its resistance to the Trustee's motion for summary judgment, PEBSCO again states that it is not in possession or control of any funds that the Trustee seeks. These are the only points in the file in which either party makes mention of whether PEBSCO has possession, custody, or control of the Debtor's interest in the Plan.
*756 Examination of the exhibits submitted reveals that any one of the three entities involved in setting up the deferred compensation programthe City of Council Bluffs, PEBSCO or NLICmight be said to have possession, custody or control over the Plan property. Under the Plan, the City of Council Bluffs holds all assets of the Plan as property of the City of Council Bluffs. PEBSCO has been appointed by the City of Council Bluffs to administer the Plan. (Exhibit 2, Administrative Service Agreement). PEBSCO's duties include instructing the depository agent to transmit amounts deferred to NLIC for investment credit, enrolling participants, and answering employees' questions about the deferred compensation program. NLIC's duties include accepting contributions under the Plan, maintaining individual accounts, providing annual statements to Plan participants and disbursing contract benefits. (Exhibit 2, Administrative Service Agreement).
While the parties stipulate that there is no material fact in dispute, it appears that whether PEBSCO is in possession, custody, or control of the property at issue is, indeed, a factual matter in dispute. Proving possession, custody, or control is an essential element of a turnover action brought pursuant to 11 U.S.C. § 542. Because the Court cannot determine from the pleadings, admissions on file, and stipulated exhibits admitted whether PEBSCO is in possession, custody, or control of the Debtor's interest in the Plan, summary judgment will not be granted. Accordingly, the issue of whether Defendant is in possession, custody or control will be set for trial.
PROPERTY OF THE ESTATE
Patterson v. Shumate, ___ U.S. ___, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) held that the plain language of the phrase "applicable non-bankruptcy law" used in 11 U.S.C. § 541(c)(2) means both federal and state law. Thus, due to the anti-alienation provisions of 29 U.S.C. § 1056(d)(1) (ERISA § 206(d)(1)) and the coordinate section of the Internal Revenue Code, 26 U.S.C. § 401(a)(13), an ERISA-qualified plan is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).
Patterson v. Shumate did not decide how retirement plans not subject to the ERISA anti-alienation provisions should be treated. At issue here is whether a governmental deferred compensation plan established pursuant to 26 U.S.C. § 457 should be excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). Since Patterson v. Shumate, one published case has addressed whether a deferred compensation plan established pursuant to 26 U.S.C. § 457 is excluded from the bankruptcy estate pursuant to § 541(c)(2). See In re Wheat, 149 B.R. 1003 (Bankr.S.D.Fla. 1992) (Wheat plan provisions appear to be identical to the case sub judice). The Supreme Court recently vacated and remanded in light of Patterson v. Shumate an Ohio case upholding a decision that an employee deferred compensation plan established pursuant to 26 U.S.C. § 457 was included in the debtor's bankruptcy estate. Ohio Public Employees Deferred Compensation Program v. Sicherman, ___ U.S. ___, 112 S.Ct. 2987, 120 L.Ed.2d 865 (1992), vacating and remanding for reconsideration In re Leadbetter, 946 F.2d 895 (6th Cir.1991) (table), aff'g 111 B.R. 640 (Bankr.N.D.Ohio 1990).
Debtor's Plan is established pursuant to 26 U.S.C. § 457, which provides:
For purposes of this section, the term "eligible deferred compensation plan" means a plan established and maintained by an eligible employer . . .
(6) which provides that
(A) all amounts of compensation deferred under the plan,
(B) all property and rights purchased with such amounts, and
(C) all income attributable to such amounts, property or rights,
shall remain (until made available to the participant or other beneficiary) solely the property and rights of the employer (without being restricted to the provision of benefits under the plan), subject only to the claims of the employer's general creditors.
*757 26 U.S.C. § 457(b)(6) (emphasis added). Section 7.04 of the Debtor's Plan contains language taken directly from 26 U.S.C. § 457(b)(6). Wheat decided that under Patterson v. Shumate this language is enforceable, applicable federal law within the meaning of 11 U.S.C. § 541(c)(2) and that a debtor's interest in such a plan is not property of the estate. Wheat, 149 B.R. at 1007. This Court respectfully disagrees with the reasoning of In re Wheat.
11 U.S.C. § 541(c) provides:
(c)(1) Except as provided in paragraph (2) of this subsection an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law
(A) that restricts or conditions transfer of such interest by the debtor; or
(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.
(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.
Section 541(a)(1) is a broad provision that encompasses all apparent interests of the debtor. In re Peterson, 897 F.2d 935, 936 (8th Cir.1990). Neither possession nor constructive possession by the debtor is required. In re Hawkeye Chem. Co., 71 B.R. 315, 319 (Bankr.S.D.Iowa 1987). See generally 4 Lawrence P. King, Collier On Bankruptcy § 541.06 (15th ed. 1993).
Debtor's Plan is property of the estate under § 541(a)(1). Though the Plan states that all assets of the Plan are "solely" the property of the employer, the Debtor does have rights to the assets as a general creditor of the employer. (Plan Article VII, Section 7.04). It is undeniable that Debtor has an expectancy of a return of investment at some future date as a result of subscribing to this Plan. See In re Hansen, 111 B.R. 647, 649 (Bankr. N.D.Ohio 1990). Given the breadth of § 541(a)(1), it is clear that Debtor's rights as a general creditor are property of the estate. Nothing in 26 U.S.C. § 457 appears to prevent such a conclusion. See also Scott v. Council (In re Council), 122 B.R. 64, 66-67 (Bankr.S.D.Ohio 1990); Luring v. Ohio Pub. Employees Deferred Compensation Program (In re Petrey), 116 B.R. 95, 98-99 (Bankr.S.D.Ohio 1990); Gilbert v. Osburn (In re Osburn), 56 B.R. 867, 871-74 (Bankr.S.D.Ohio 1986) (all finding that Ohio plan assets are property of the estate).
Nothing about 26 U.S.C. § 457 creates a restriction on the Debtor's interest that would cause the Plan to fall within the 11 U.S.C. § 541(c)(2) exception and the reasoning of Patterson v. Shumate. Section 541(c)(2) requires that a property interest sought to be excluded be "a beneficial interest . . . in a trust." 11 U.S.C. § 541(c)(2) (emphasis added). Plan Section 7.04 expressly states that the rights of the Debtor shall be those of a general creditor and that in any suit to impose a constructive trust, the Debtor's rights are limited to those of a general creditor of the employer. Furthermore, Section 7.04 provides that the deferred compensation remains the property of the employer, subject only to general creditor claims. By definition, a trust exists only when one party, the trustee, holds equitable title to the corpus, while another party, the beneficiary, holds legal title in the corpus. See George T. Bogert, Trusts § 1 (6th ed. 1987). In addition, under 26 U.S.C. § 457, a requirement for deferential tax status is that a plan not be a trust. See Foil v. Commissioner, 920 F.2d 1196, 1209 (5th Cir.1990); see also 936 CCH para. 21,536.21 (quoting I.R.S. Notice 87-13, 1987-1 C.B. 432: "[C]ompliance with the exclusive purpose, trust, funding and certain other rules [of ERISA] will cause the *758 plan to fail to satisfy section 457(b)(6)."). Thus, it is clear (and PEBSCO does not argue to the contrary) that the Plan is not a trust.
11 U.S.C. § 541(c)(2) unambiguously addresses the exclusion of trusts from property of the estate; therefore it is inapplicable to Debtor's Plan. Thus, Debtor's interest in his deferred compensation plan is property of the estate under 11 U.S.C. § 541(a)(1).
PEBSCO might have argued that the Debtor could claim his interest in the Plan as exempt property. In this case the Court has already sustained the trustee's objection to claim of exemptions as it pertains to the deferred compensation plan. See Order of July 2, 1990. Since that July 2, 1990 order, the State of Iowa has amended its exemption statute regarding pension plans. See Iowa Code § 627.6(8)(e) (1993) (exemption of pension, annuity or similar plans or contracts). On its face, the amendment to Iowa Code § 627.6(8)(e) results in Debtor's deferred compensation plan qualifying as exempt property; but because this case was filed prior to the amendment, the Plan does not qualify as exempt property. 11 U.S.C. § 522(b)(2)(A) allows exemption of property exempted by state law "applicable on the date of the filing of the petition." The Debtors' case was filed January 17, 1990, prior to the enactment of the amendment. Therefore, the amendment has no effect on Debtors' exemption rights in this case.

ORDER
IT IS ACCORDINGLY ORDERED that both Plaintiff's and Defendant's motions for summary judgment are denied and the issue of whether Defendant is in possession, custody, or control of the property at issue shall be set for hearing forthwith.