In re Ed and Julie NOLEN, Debtors.

John J. HUNTER, Trustee, Plaintiff,

v.

WSOS COMMUNITY ACTION COMMISSION, et al.,
Defendants.

Bankruptcy No. 93–3238.
Related No. 92–32801.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Sept. 13, 1994.

John J. Hunter, Trustee, Toledo, OH, pro se.

Douglas L. Perras, Northwood, OH, for Ed Dean Nolen, Sr.

H. Buswell Roberts, Jr., Toledo, OH, for WSOS Community Action Com'n.

W. Miles McKee, Toledo, OH, for Great West Life & Annuity Assur. Co.

*MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Reply; and Defendants' respective Memoranda in Opposition, Cross-Motions for Summary Judgment, Memoranda in Support, and Replies. Upon review of the written arguments of counsel, supporting affidavits, and exhibits, the Court concludes the WSOS Community Action Commission, Inc. Tax Sheltered Annuity Plan is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). Accordingly, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendants' Cross-Motions for Summary Judgment.

*FACTS*

The facts in this case are not in dispute. Defendant Ed Nolen was an employee of WSOS Community Action Commission, Inc. (hereafter "WSOS") for approximately four (4) years. During that time, Mr. Nolen participated in the WSOS Tax Sheltered Annuity Plan (hereafter "Plan"). Mr. Nolen filed for relief under Chapter 7 of Title 11 of the United States Code on July 31, 1992. Mr. John J. Hunter, (hereafter "Plaintiff") was appointed to serve as Trustee for this proceeding. Plaintiff demanded that Defendants WSOS and Great-West Life & Annuity Insurance Company (hereafter "Great-West"), seller of the annuity contract and holder of the funds at issue in this case, turnover the funds held in the Plan for Mr. Nolen. Defendants refused to comply with Plaintiff's demand.

Plaintiff filed this adversary proceeding, and filed a Motion for Summary Judgment. Plaintiff contends the funds held by Defendant WSOS and/or Great-West in the Plan are subject to inclusion in the bankruptcy estate pursuant to 11 U.S.C. § 541(a). Additionally, Plaintiff denies that the assets are exempt from the bankruptcy estate under § 2329.66(A)(10)(a) of the Ohio Revised Code (hereafter "O.R.C."). Accordingly, Plaintiff asks that the funds in dispute be turned over.

Defendants Great-West, WSOS, and Ed and Julie Nolen opposed Plaintiff's Motion and subsequently filed Cross-Motions for Summary Judgment. Defendants maintain that the Plan is subject to the provisions of the Employee Retirement Income Security Act (hereafter "ERISA") and therefore is not

subject to inclusion in the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). In the alternative, Defendants argue that O.R.C. § 2329.66(A)(10)(a) exempts the assets in the Plan from inclusion into the bankruptcy estate. Accordingly, Defendants ask the Court to deny Plaintiff's Motion for Summary Judgment and to grant the Cross–Motions for Summary Judgment.

In addition to the arguments noted above, Defendant Great–West also contends it is not a proper party to this action. For this reason, Defendant asks this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the action against Great–West for Plaintiff's failure to state a claim upon which relief can be granted.

## *LAW*

**11 U.S.C. § 541**

**§ 541. Property of the estate.**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of this case.

(c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

**29 U.S.C. § 1003**

**§ 1003. Coverage**

(b) The provisions of this subchapter shall not apply to any employee benefit plan if—

(1) such plan is a governmental plan (as defined in section 1002(32) of this title);

**29 U.S.C. § 1002**

**§ 1002. Definitions**

For the purposes of this subchapter:

(32) The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing ...

## *DISCUSSION*

### I

The primary issue before the Court is whether the funds contributed to the Plan by Defendant Ed Nolen are part of the bankruptcy estate created under 11 U.S.C. § 541(a). This qualifies as a core proceeding under 28 U.S.C. § 157(b)(2)(E).

### II

Pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056, summary judgment is proper when the movant demonstrates that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To prevail, movant must be able to demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Additionally, a Motion for Summary Judgment must be construed in a light most favorable to the party opposing the Motion. *In re Weitzel,* 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987) (quoting *In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky. 1985)).

### III

Before reaching the issue of whether the funds in dispute are properly excluded, or in the alternative exempted, from the bankruptcy estate, the Court must first determine whether or not Great–West is a proper party in this suit. Great–West argues it is not a proper party because it did not establish the Plan and currently does not exercise discretion or control over Plan assets. As a result, Great–West asks this Court to dismiss all claims against it because of the Plaintiff's failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

This Court disagrees. *Black's Law Dictionary* defines "proper parties" as follows:

> If a party has some relation to the action, but it is not so close as to make him a person needed for just adjudication within the Rule of Civil Proc. 19(a), he is a 'proper' party, and the plaintiff has an option whether to join him if the tests of Rule 20 are met. *Black's Law Dictionary* 836 (6th ed. 1990).

Rule 20 provides that all persons may be joined in one action if there is "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). This case is before the Court because of Defendant WSOS's and Great–West's refusal to turnover the funds held in the Plan for Mr. Nolen. Thus, Defendants' joint refusal serves as the common question of fact that permits Plaintiff to join Defendant Great–West in this matter. Accordingly, the Court denies Great–West's request for a Rule 12(b)(6) dismissal.

## IV

■ An estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" is created subsequent to the filing of a case under the Bankruptcy Code. 11 U.S.C. § 541(a)(1). While the scope of this provision is broad, an exception to this inclusion requirement is found in 11 U.S.C. § 541(c)(2) which provides that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title".

In *Patterson v. Shumate*, ––– U.S. –––, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court held that the anti-alienation clause contained in a pension plan subject to the provisions of ERISA is within the scope of 11 U.S.C. § 541(c)(2). Funds contained in such plans are, therefore, excludable from the bankruptcy estate. In reaching this decision, however, the *Shumate* Court left undecided what precisely constituted an ERISA-qualified plan. *In re Kaplan*, 162 B.R. 684, 691 (Bkrtcy.E.D.Pa.1993); *In re Hall*, 151 B.R. 412 (Bkrtcy.W.D.Mich.1993); *In re Foy*, 164 B.R. 595 (Bkrtcy.S.D.Ohio 1994). Thus, it is first necessary to make this determination.

The court in *In re Hall* outlined a three-prong test used to identify ERISA-qualified plans. For a plan to be ERISA-qualified it must: (1) be a tax qualified plan under the Internal Revenue Code § 401(a); (2) be subject to ERISA; and (3) have an anti-alienation provision as required by ERISA 29 U.S.C. § 1056(d)(1). *Hall*, 151 B.R. at 419. In accord *In re Foy*, 164 B.R. 595 (Bkrtcy. S.D.Ohio 1994).

The *Hall* test outlined above is consistent with both United States Supreme Court and Sixth Circuit authority regarding this issue. The Court's analysis in *Shumate* focused on the same criteria found in *Hall* to determine ERISA qualification. First, the pension plan in that case satisfied all applicable requirements of ERISA. ––– U.S. at –––, 112 S.Ct. at 2245. Furthermore, the Court noted that the plan complied with the anti-alienation provisions of ERISA, 29 U.S.C. § 1056(d)(1) and the coordinate section of the Internal Revenue Code, 26 U.S.C. § 401(a)(13). *Id.* Thus, this Court agrees with the *Hall* court's determination that pension plans must be both ERISA qualified and tax qualified to fall within the scope of U.S.C. § 541(c)(2). As stated by the court in *Hall:*

> If 'ERISA qualified' is determined without regard to tax law, why would the Court cite the Internal Revenue Code and a tax regulation? A reasonable reading of this language leads one to conclude that the unanimous *Shumate* Court requires an 'ERISA qualified' plan must satisfy *both* the Internal Revenue Code and ERISA. *In re Hall*, 151 B.R. at 419 (emphasis in the original).

Based on the above criteria, the Court concluded that the plan was ERISA qualified.

In addition to being consistent with the Court's analysis in *Shumate*, it appears that the Sixth Circuit authority supports the test outlined in *Hall* as well. In *Forbes v. Lucas (In re Lucas)*, 924 F.2d 597 (6th Cir.), *cert. denied*, 500 U.S. 959, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991), the Sixth Circuit held

that the pension plan in question was ERISA qualified and therefore excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). The plan in *Lucas* was subject to the provisions of ERISA, contained the anti-alienation provision required under 29 U.S.C. § 1056(d)(1), and qualified under Sections 401(a) and (k) of the Internal Revenue Code. 924 F.2d at 602–3. In reaching its decision, the court reasoned that its conclusion harmonized the Bankruptcy Code, ERISA, and the Internal Revenue Code and prevented pension plans from being subject to disqualification and loss of tax-exempt status when a bankruptcy trustee seeks turnover of the plan's assets. *Id.* at 603. As with the Supreme Court in *Shumate,* the Sixth Circuit in *Lucas* considered the same criteria outlined in the *Hall* test in determining that the pension plan was ERISA qualified.

Therefore, having reviewed the decision of the Supreme Court in *Shumate* and that of the Sixth Circuit in *Lucas,* this Court is persuaded that the test outlined in *In re Hall* accurately evaluates pension plans for ERISA qualification status. Accordingly, the Plan in the case at bar must satisfy each requirement of the test in order to be considered ERISA qualified and thereby excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).

First, the Plan must be tax qualified under the Internal Revenue Code. This Court finds that it does. Article I, Section 1.01 of the Plan states that it is intended to comply with Section 403(b) of the Code. The affidavit of Joel T. Smith, WSOS administrator of the Plan, also indicates that the Plan is tax qualified under § 403(b) of the I.R.C. In that affidavit, Mr. Smith stated that WSOS, from 1981 to the present date, has filed a Form 5500 tax form with the Internal Revenue Service that categorized the Plan as a § 403(b) ERISA plan. Thus, the Internal Revenue Service apparently concurs with this § 403(b) categorization.

Second, the Plan must be subject to the provisions of ERISA. Article I, Section 1.01 of the Plan states that "the terms of this Plan are intended to comply with ... the Employee Retirement Income Security act of 1974 (ERISA) and the regulation thereunder." Additionally, Article XIII, Section 13.09 requires that the Plan "be construed and enforced according to ERISA and the laws of the State or Commonwealth in which this Plan was executed, to the extent not preempted by ERISA." Thus, a review of the Plan clearly demonstrates that it is subject to ERISA.

Third, the Plan satisfies the anti-alienation requirement of ERISA under 29 U.S.C. § 1056(d)(1). Article XIII, Section 13.08 of the Plan states that the:

> [B]enefits payable under this Plan shall not be subject to the claims of any creditor of a Participant, shall not be subject to attachment or garnishment or other legal process by any such creditor, and may not be pledged, assigned or otherwise encumbered by any Participant.

Thus, the Plan satisfies the requirements outlined in *Hall.* For this reason, this Court holds that the Plan is ERISA qualified and thereby excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).

## V

Plaintiff raises several challenges to this conclusion. Relying upon *In re Leadbetter,* No. 91–3076, 1993 WL 141068 (6th Cir. Apr. 30, 1993), Plaintiff argues the Plan is not excluded from the bankruptcy estate because it fails to create a trust. Plaintiff's use of *Leadbetter* is not persuasive. The plan before the court in that case was not, contrary to Plaintiff's contention, ERISA qualified. The United States Code states that the provisions of ERISA do not apply to employee benefit plans established by state or federal government. 29 U.S.C. § 1003. The Code defines a "governmental plan" as one "established or maintained for its employees ... by the government of any State or political subdivision thereof ..." 29 U.S.C. § 1002(32). In *Leadbetter,* the State of Ohio administered a plan on behalf of state employees. *Leadbetter,* 91–3017 at 2. Thus, it was not an ERISA qualified plan under 29 U.S.C. § 1003. Further, *In re Leadbetter* falls within the scope of Rule 24(c) of the Sixth Circuit which states:

Citation of unpublished decisions by counsel in briefs and oral arguments in this court and in the district courts within this circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. 6th Cir.R. 24 (1994).

For these reasons this Court declines to consider *Leadbetter* as relevant to this proceeding.

Plaintiff also argues that the Plan in this case is not a pension plan but rather a savings plan because the benefits received are not exclusively based upon the number of years of service or the salary or wages of the employee. However, 29 U.S.C. § 1002(2)(A) provides the following:

> Except as provided in subparagraph (B), the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which ...
>
> (i) provides retirement income to employees, or
>
> (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
>
> *regardless of the method of calculating the contributions to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.* (emphasis added).

Accordingly, the Court disagrees with Plaintiff's characterization of the Plan in question as a savings rather than a pension plan. The Code provisions noted above clearly indicate that the method of calculation does not effect the "pension plan" status of a plan. More importantly to this case, the ERISA qualification status of a plan remains unchanged.

### VI

Finally, both parties argue in the alternative whether or not the funds in the Plan can be exempted under O.R.C. § 2329.66(A)(10)(a). However, property first must become part of the bankruptcy estate before it can be exempted from that estate. *In re Wiggins* 60 B.R. 89, 95 (Bkrtcy. N.D.Ohio 1986). Accordingly, the Court's holding that 11 U.S.C. § 541(c)(2) excludes the money in the Plan from the bankruptcy estate makes the question of exemptability Moot. *Id.* at 95.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly it is

**ORDERED** that Defendant Great–West's Motion for Dismissal be, and is hereby, *DENIED.*

It is **FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment be, and is hereby, *DENIED.*

It is **FURTHER ORDERED** that the Cross–Motions of WSOS, Great–West, and Ed and Julie Nolen be, and are hereby *GRANTED.*